# City of Chicago
## v.
## Mary A. Chase.

*Municipal Corporations— Negligence — Defective Sidewalk— Personal Injuries—Notice of Condition on Part of Authorities—Pleading—Evidence —Variance.*

1. In an action against a municipality for the recovery of damages for injuries suffered through a defective sidewalk, this court holds that there was no material variance between the plaintiff's proof and the allegations set forth in her declaration, and declines to interfere with the verdict in her behalf.

2. Damages in the sum of $2,000 for the breaking of a leg of a woman sixty-six years of age, held to be reasonable in the case presented.

[Opinion filed October 28, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. George F. Sugg, C. S. Cameron and W. E. Hughes, for appellant.

Mr. John Gibbons, for the appellee.

Moran, J. Appellee recovered a judgment in this case against the city for the sum of $2,000 for an injury received by her, by her foot being caught in a hole in the sidewalk, which caused her to fall over and break her leg. The evidence in the record clearly supports the verdict as to the fact of the injury. It is shown that appellee was walking along the sidewalk on the north side, east of Oakley street, in the night time. That snow covered the walk, and that a path was trodden wide enough for one person to walk on. That appellee in walking along said trodden path slipped, and stepped with one foot one side of said trodden path; that her foot went down through a hole in the sidewalk, which hole

was hidden from view by the snow which covered the walk. These facts were uncontradicted. The evidence tended to show that the sidewalk at the point where the accident occurred was old and out of repair, and for a period of from a month to half a year before the accident there were planks missing and holes and spaces in the sidewalk, caused by planks having been broken, and though there was some contrariety in the evidence on this point, we think the evidence abundantly supports the conclusion that the sidewalk was in a dangerous condition, and had been so long enough to charge the city with notice. As to the damages the injury was shown to be severe, and though not permanent, the foot was subject to pains, and gave more or less annoyance up to the time of the trial, and with a person of appellee's age (sixty-six years) will probably continue to be painful at times as long as she lives.

The verdict is large, no doubt, but we do not feel at liberty to reverse the case on that ground.

Counsel for the city urge quite strenuously that the case should be reversed, for the reason that there is a variance between the manner of the injury as proved and as described in the declaration.

The declaration, it is said, alleges that accumulations of ice and snow rendered the sidewalk uneven, ridgy and hubby, and that there was no proof of that allegation. The allegation is superfluous. It was not necessary to make any such allegation to support the cause of action, nor is the allegation essentially descriptive, or so connected with material averments that it can not be separated. The very ground of the action is the bad and unsafe condition of the sidewalk. The many faults in it as alleged are that planks were broken, warped, loose, uneven and removed. Proof was that appellee stepped into a hole in the sidewalk. It does not clearly appear what caused the particular hole into which she stepped, but it is not alleged specifically how it came; therefore, if the evidence would justify the finding that it was either from a plank being broken or warped, or loose, or removed, there would be no variance.

This differs from City of Bloomington v. Goodrich, 88 Ill.

558, cited by counsel. There the sole allegation was that some of the planks were broken, so that large and deep holes were in the walk, and the proof showed that none of the planks were broken and that the only defect was that two planks were removed from the walk.

The declaration in the case at bar is not well drawn, is involved and prolix and therefore defective in form, and by no means a model of concise and definite pleading; but it is good in substance, and contains no faults that would authorize the arrest of the judgment, or the reversal of the case on error

It is unnecessary for us to discuss in detail the errors alleged to have been made in giving and refusing instructions. It is sufficient to say that we have examined the instructions and considered the points of error alleged, and that we are of opinion that no error was committed in that regard. The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*